UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO TELEPHONE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAN JUAN CABLE LLC d/b/a ONELINK COMMUNICATIONS, <br><br> Defendant. | Civil No. 3:11-cv-2135-GAG |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant San Juan Cable LLC d/b/a OneLink Communications ("OneLink") respectfully submits this response to the "request" filed by plaintiff Puerto Rico Telephone Company, Inc. ("PRTC"), for this Court to take judicial notice of certain public-record materials attached thereto (doc. no. 24, filed 2/24/12) (the "Request").

## RESPONSE

OneLink does not object to the Court's taking such judicial notice as is permitted under Fed. R. Evid. 201 of the materials attached to the Request in connection with OneLink's pending motion to dismiss. However, OneLink does wish to state its position regarding what such judicial notice properly may consist of, and what it may not. Fed. R. Evid. 201(e) provides that "[o]n timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed."

It is not clear why PRTC believed the Request even to be necessary. Formal judicial notice under Rule 201 is hardly needed in order to cite, in opposition to another party's motion, judicial rulings (even unreported ones) from other cases. (See Request, Exhs. A, B, C.) Nor is formal judicial notice under Rule 201 needed in order to cite the existence or content of public-record judicial filings that were made in the forum court (see id., Exh. D), or administrative rulings (see id., Exh. E), or reports issued by governmental agencies (see id., Exh. F). Moreover, even if it were necessary to take judicial notice of the documents cited by PRTC, doing so with respect to the materials attached to the Request does not also entail taking judicial notice of PRTC's accompanying six pages of commentary and discussion in the Request — commentary that was wholly unnecessary in any event merely for PRTC to be able to refer to the attached materials in an opposition memorandum of law. To the extent that the Court may conclude that the filing of such an unnecessary Request with accompanying legal discussion represented a back-door attempt to exceed the Court's page limits for a memorandum in opposition to OneLink's motion to dismiss, the text portion of the Request should be deemed stricken.

Regardless of the need for — or propriety of — the Request, under Fed. R. Evid. 201 only the most limited evidentiary use could be made of materials of these kinds that are judicially noticed. Fed. R. Evid. 201(b) provides:

> "The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
>   "(1) is generally known within the trial court's territorial jurisdiction; or
>
>   "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

In view of these conditions specified in Rule 201:

> "Absent unusual circumstances, a court may not take judicial notice of the findings of fact contained in another court's order, Nadherny v. Roseland Prop. Co., 390 F.3d 44, 51-52 (1st Cir. 2004) (citing Int'l Star Class Yacht Racing Ass'n [v. Tommy Hilfiger U.S.A., Inc.], 146 F.3d [66,] 70-71 [(2d Cir. 1998)]); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994), primarily because '[f]acts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source.' Int'l Star Class Yacht Racing Ass'n, 146 F.3d at 70."

MVM Inc. v. Rodriguez, 568 F. Supp. 2d 158, 164 (D.P.R. 2008). What the rule does allow, however, is

> "judicial notice of the fact that another proceeding took place, or of certain other undisputable aspects of those proceedings. Thus, courts may take judicial notice of another court's order for the limited purpose of recognizing the judicial act or the subject matter of the litigation. Jones, 29 F.3d at 1553 (citations omitted); see also Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (citing Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426-27 (3rd Cir. 1999))."

MVM Inc., 568 F. Supp. 2d at 164.

The Court may therefore take judicial notice of the fact that a ruling was issued in favor of a certain party, and of what reasons were stated as the basis for the ruling, but not of whether those reasons were well-founded or not, nor of any factual findings that the court or agency made which it asserted supported the ruling or its reasoning. In other words, taking judicial notice of the document does not mean that the Court accepts the document's substantive content as true; it

2

merely means the Court acknowledges the document's existence and contents.  See id.; Int'l Star Class Yacht Racing Ass'n, 146 F.3d at 70 ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (quotations omitted)); accord Nadherny, 390 F.3d at 51-52; see generally 1 Weinstein's Fed. Evidence § 201.12[3] (2d ed. 2011) ("Even when the court is looking at its own actions and records . . . it does not have the power to judicially notice prior allegations or findings of fact in those documents that are subject to reasonable dispute . . . .  [R]ecords of other courts generally may be noticed only to establish the fact of the litigation and actions of that court.  In general, documents may not be judicially noticed for the truth of the matters stated in them.").

For similar reasons, judicial notice of a complaint filed in another action only extends to the fact that the document was filed in that action and that it contained the allegations set forth therein, not to the truth of any such allegations.  See Frishberg v. Deloitte & Touche Pension Plan, 2008 WL 4000569, at *3 (D. Conn. Aug. 26, 2008), aff'd sub nom. Teitel v. Deloitte & Touche Pension Plan, 420 F. App'x 116 (2d Cir. 2011); In re CMS Energy Secs. Litig., 2005 U.S. Dist. LEXIS 439, at *13-14 (E.D. Mich. Jan. 7, 2005).  Judicial notice of a government body's report likewise only extends to the fact that the document was issued by the government body, and that it contained the assertions set forth therein, not that those assertions are factually true or legally sound.  See Daghlian v. DeVry Univ., Inc., 461 F. Supp. 2d 1121, 1146-47 (C.D. Cal. 2006).  In addition, taking judicial notice does not have the effect of adding or incorporating the substantive statements or assertions found in such materials into the proponent's pleadings as part of its allegations.  See Bender v. Jordan, 612 F. Supp. 2d 62, 65 (D.D.C. 2009) ("Plaintiffs argue in their briefs that the Court must examine [certain] retainer agreements . . . — but none of these is part of their Complaint. . . .  Plaintiffs cannot enlarge the allegations of their Complaint by arguments made in an opposition to a motion to dismiss.").

3

## **CONCLUSION**

OneLink does not object to the Court's taking judicial notice of the materials proffered by PRTC so long as its doing so is limited in accordance with the foregoing principles.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, on March 9, 2012.

WE HEREBY CERTIFY that, on this same date, a copy of the foregoing was filed electronically with the Clerk of the Court by means of the CM/ECF System, which will provide notice to all counsel of record in this case.

| | |
|---|---|
| Pedro A. Delgado Hernandez<br>Salvador J. Antonetti-Stutts<br>Mauricio O. Muñiz-Luciano<br>O'NEILL & BORGES<br>American International Plaza<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, Puerto Rico 00918-1813<br>Tel. (787) 764-8181<br>Fax (787) 753-8944<br>pedro.delgado@oneillborges.com<br>salvador.antonetti@oneillborges.com<br>mauricio.muniz@oneillborges.com<br>*Counsel to Defendant San Juan Cable LLC*<br>*d/b/a OneLink Communications* | s/Salvador J. Antonetti-Stutts<br>Salvador J. Antonetti-Stutts<br>USDC-PR 215002<br><br>s/Mauricio O. Muñiz-Luciano<br>Mauricio O. Muñiz-Luciano<br>USDC-PR 220914 |

OF COUNSEL:

| | |
|---|---|
| Dana Frix<br>David H. Evans<br>CHADBOURNE & PARKE LLP<br>1200 New Hampshire Ave., NW<br>Washington, DC  20036<br>Tel. (202) 974-5600<br>Fax (202) 974-5602<br>dfrix@chadbourne.com<br>devans@chadbourne.com | Robert A. Schwinger<br>CHADBOURNE & PARKE LLP<br>30 Rockefeller Plaza<br>New York, NY  10112<br>Tel. (212) 408-5100<br>Fax (212) 541-5369<br>rschwinger@chadbourne.com |

4