IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**PUERTO RICO TELEPHONE COMPANY, INC.,**

    **Plaintiff,**

    v.

**SAN JUAN CABLE, LLC,**

    **Defendant.**

**Civil No. 11-2135 (GAG)**

**OPINION AND ORDER**

    Puerto Rico Telephone Company, Inc. ("Plaintiff") brings this action seeking damages for violations of federal antitrust laws and state Anti-Monopoly laws by San Juan Cable LLC d/b/a/ Onelink Communications ("Defendant"). Plaintiff claims Defendant committed violations of Sections two and three of the Sherman Act, 15 U.S.C. § 2 and 3, as well as the Puerto Rico Anti-Monopoly Act, P.R. Laws Ann. tit. 10, §§ 257-276. Presently before the court is Defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted (Docket No. 22). Plaintiff opposed this motion (Docket No. 23).[1] After reviewing the parties' submissions and the pertinent law, the court **DENIES** Defendant's motion (Docket No. 22).

    **I.**    **Standard of Review**

    "The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

---

[1] The court notes Defendant filed a reply brief at Docket No. 25. However the court did not consider the reply brief because Defendant did not seek, nor did the court grant, leave to file a reply pursuant to Local Rule 7(c). L.Cv.R. 7(c).

**Civil No. 11-2135 (GAG)**                                              2

rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED.R.CIV.P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 556 U.S. 662, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

**II.     Discussion**

Defendant asserts two reasons that support dismissal of Plaintiff's claims. First, Defendant argues the conduct Plaintiff complains of is immunized under the Noerr-Pennington Doctrine. (See Docket No. 22 at 9.) Second, Defendant argues that Plaintiff has failed to allege an antitrust injury. (See id. at 30.)

**A.     Noerr-Pennington Doctrine**

Those who petition the government for redress are generally immune from antitrust liability. See Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 56 (1993) ("PRE"). However, the Supreme Court has created an exception to this general rule when the petition seeking redress is a sham. See id. (citing E. R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961)). This exception was extended to cover proceedings in front of administrative agencies in California Motor Transp. Co. v. Trucking Unlimited. 404 U.S. 508 (1972).

**Civil No. 11-2135 (GAG)**  3

In order to fit into the sham exception, the proceedings must be objectively unreasonable. See PRE, 508 U.S. at 58. A sham is "evidenced by repetitive lawsuits carrying the hallmark of insubstantial claims." Otter Tail Power Co. v. United States, 410 U.S. 366, 380 (1973). The PRE Court outlined a two-part definition of sham litigation stating "the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits" and "whether the baseless lawsuit conceals an attempt to interfere directly with the business relationships of a competitor through the use [of] the governmental process—as opposed to the outcome of that process—as an anticompetitive weapon." PRE, 508 U.S. at 60 (internal quotation marks omitted) (internal citations omitted). The court should only discuss the second prong if the lawsuit is found to be objectively baseless. Essentially, a sham is when an action is commenced without a genuine belief it will end with a favorable result, but rather with the intention of delaying or interfering with another.

Since the PRE decision, there is a split in precedent deciding if the objectively baseless requirement applies to a pattern of legal proceedings. Both the Second and Ninth Circuits have held this requirement applies when determining if one action constitutes a sham, but does not apply when the challenged proceedings constitute a pattern of repetitive litigation. See USS-POSCO Indus. v. Contra Costa County Bldg. & Const. Trades Council, AFL-CIO, 31 F.3d 800, 810-11 (9th Cir. 1994) ("Professional Real Estate Investors provides a strict two-step analysis to assess whether a single action constitutes sham petitioning."); Primetime 24 Joint Venture v. Nat'l Broad., Co., Inc., 219 F.3d 92, 100-01 (2d Cir. 2000). Various district courts have held the objectively baseless requirement to apply to cases asserting a pattern of proceedings. See e.g., Christian Mem'l Cultural Ctr., Inc. v. Michigan Funeral Dirs. Ass'n, 998 F. Supp. 772, 777 n.2 (E.D. Mich. 1998).

In California Motor, the Court recognized that the filing of a series of litigation has more serious implications than one singular suit. See USS-POSCO, 31 F.3d at 811. The question in pattern cases is not whether the suits have merit, but whether they were instituted as part of or pursuant to a pattern, without regard to the merits. See id. There is no language in the PRE decision

**Civil No. 11-2135 (GAG)**                4

indicating the Court intended to overrule California Motor. Without such an explicit holding that the Court intended to overrule California Motor, this court will read PRE and California Motor as in harmony with one another. The court will follow the lead of the Second and Ninth Circuits that have also read these cases together and held the objectively baseless requirement not to apply to allegations of a pattern of proceedings.

### B.   Pattern of Proceedings

In order to apply this standard, the court must find a pattern or serious of litigation intended to disrupt Plaintiff's ability to conduct business. Defendant claims Plaintiff fails to demonstrate sufficient proceedings to constitute a pattern. (See Docket No. 22 at 29.) A review of the case law from the circuits and districts allowing such litigation demonstrates that courts characterize as few as eight proceedings as a pattern, while three proceedings are insufficient. Compare Livingston Downs Racing Ass'n Inc. v. Jefferson Downs Corp., 192 F. Supp. 2d 519, 539 (M.D. La. 2001) (holding defendant who initiated four suits and intervened in another five to meet pattern standard), with Luxpro Corp. v. Apple Inc., No. C 10–03058 JSW, 2011 WL 10860207, at *5 (N.D. Cal. Mar. 24, 2011) (holding three proceedings insufficient to constitute a pattern).

Following these precedents, the court finds Plaintiffs have alleged a sufficient amount of proceedings to be deemed a pattern. Defendant either initiated or intervened, in suits against Plaintiff or opposed Plaintiff at various administrative hearings. (See Docket No. 11 at ¶¶ 35-58.) While the court need not re-state each proceeding listed in the complaint, the court notes the actions of January 13, February 10, April 2, June 15, and November 4 of 2009 along with all the various appeals filed regarding these actions as sufficient to meet the pattern requirement.[2] (See id.; Docket

---

[2] "Ordinarily a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d at 30, 33 (1st Cir. 2001) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). However, there is "a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Alt. Energy, Inc., 267 F.3d at 33 (quoting Watterson, 987 F.2d at 3). The court notes

**Civil No. 11-2135 (GAG)**                5

No. 24.) Defendant admits to opposing Plaintiff in seven proceedings, but makes no mention of the amount of appeals sought in each case. The court finds this activity sufficient to meet the standard for a pattern of litigation under USS-POSCO and Primetime 24.

### C. Antitrust Injury

Finally, Defendant claims Plaintiff has failed to sufficiently allege an antitrust injury. (See Docket No. 22 at 30.) It is Plaintiff's burden to allege an antitrust injury. See Sterling Merchandising, Inc. v. Nestle, S.A., 656 F.3d 112, 121 (1st Cir. 2011). "Antitrust injury is 'injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful.'" Id. (quoting Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc., 429 U.S. 477, 489 (1977)).

The complaint contains sufficient factual allegations that Defendant's conduct not only delayed Plaintiff's entry into the market, but also protected Defendant's market share. (See Docket No. 62.) Plaintiff specifically alleges that by delaying a competitor from entering into a market, Defendant fostered an anti-competitive market, resulting in higher fees to the public. (See id.) Plaintiff also alleges it has lost revenue by the various delays. (See Docket No. 11 at ¶ 63.) Contrary to Defendant's contention, the complaint alleges Plaintiff's were injured due to the process of these proceedings, not simply the outcome.

### III. Conclusion

For the reasons set forth above, the court **DENIES** Defendant's motion to dismiss at Docket No. 22. All of Plaintiff's claims remain before the court.

---

Plaintiff's submission of materials at Docket No. 24 and Defendant's opposition at Docket No. 26. The court reviewed the materials, but did not consider the memorandum that accompanied those materials in formulating its decision, as per Defendant's objection. Defendant does not object to the authenticity of the documents.

**Civil No. 11-2135 (GAG)**  6

**SO ORDERED.**

In San Juan, Puerto Rico this 10th day of August, 2012.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge