IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**PUERTO RICO TELEPHONE COMPANY, INC.,**

    **Plaintiff,**

    v.

**SAN JUAN CABLE, LLC,**

    **Defendant.**

**Civil No. 11-2135 (GAG)**

## OPINION AND ORDER

Puerto Rico Telephone Company, Inc. ("Plaintiff") brings this action seeking damages for violations of federal antitrust laws and state Anti-Monopoly laws by San Juan Cable LLC d/b/a/ OneLink Communications ("Defendant"). Plaintiff claims Defendant committed violations of Sections two and three of the Sherman Act, 15 U.S.C. §§ 2 and 3, as well as the Puerto Rico Anti-Monopoly Act, P.R. LAWS ANN. tit. 10, §§ 257-276. Presently before the court is Defendant's Motion for Reconsideration (Docket No. 34) of the court's denial of Defendant's Motion to Dismiss (Docket No. 30). After reviewing the parties' submissions and the pertinent law, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Reconsideration (Docket No. 34) and affirms the court's denial of Defendant's Motion to Dismiss (Docket No. 22).

    **I.**    **Request for Reconsideration Granted**

Defendant seeks reconsideration of the court's order at Docket No. 30 due to the court's inadvertent failure to consider Defendant's Reply Brief at Docket No. 25. The timely submission of the reply merits consideration. Defendant's request for reconsideration is therefore **GRANTED**.

    **A.**    **Standard of Review**

Motions for reconsideration are generally considered under FED. R. CIV. P. 59 or 60, depending on the time such motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284

**Civil No. 11-2135 (GAG)**                                        2

(1st Cir. 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. <u>Villanueva-Mendez v. Vazquez</u>, 360 F. Supp. 2d 320, 322 (D.P.R. 2005). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See <u>Rivera Surillo & Co. v. Falconer Glass. Indus. Inc.</u>, 37 F.3d 25, 29 (1st Cir. 1994) (citing <u>F.D.I.C. Ins. Co. v. World University, Inc.</u>, 978 F.2d 10, 16 (1st Cir. 1992); <u>Cherena v. Coors Brewing Co.</u>, 20 F. Supp. 2d 282, 286 (D .P.R. 1998)). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." <u>National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc .</u>, 899 F.2d 119, 123 (1st Cir. 1990).

### B. Discussion

Defendant asserts that Plaintiff fails to sufficiently allege an antitrust injury, (<u>see</u> Docket No. 25 at 6), claims <u>Noerr</u>-<u>Pennington</u> immunity, (<u>see id.</u> at 1-5), and requests the court to reconsider accepting the pattern exception theory. (<u>See id.</u> at 5-6; 8-10; Docket No. 34 at 4-8.) The court addresses each concern in turn.

#### 1. Antitrust Injury

Plaintiff bears the burden of alleging an antitrust injury. <u>See</u> <u>Sterling Merchandising, Inc. v. Nestle, S.A.</u>, 656 F.3d 112, 121 (1st Cir. 2011). "Antitrust injury is 'injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful.'" <u>Id.</u> (quoting <u>Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.</u>, 429 U.S. 477, 489 (1977)).

Defendant's reply does not convince the court to amend its original ruling. The complaint contains sufficient factual allegations that Defendant's conduct not only delayed Plaintiff's entry into the market, but also protected Defendant's market share. (<u>See</u> Docket No. 11 at ¶ 62.) Plaintiff specifically alleges that Defendant fostered an anti-competitive market by delaying a competitor from entering into the market, resulting in higher fees to the public. (<u>See id.</u>) Plaintiff also alleges the delays resulted in lost revenue. (<u>See</u> Docket No. 11 at ¶ 63.) Contrary to Defendant's contention, the complaint alleges Plaintiff suffered injury due to the process of these proceedings,

**Civil No. 11-2135 (GAG)**                  3

not simply the outcome.

### 2. <u>Noerr</u>-<u>Pennington</u> Doctrine and Pattern of Proceedings

The court acknowledges the delicate balance between the First Amendment right to petition the judiciary for redress, and the import of shielding nascent businesses from sham litigation. Those who petition the government for redress enjoy immunity from antitrust liability. <u>See</u> <u>Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc</u>, 508 U.S. 49, 56 (1993). However, the Supreme Court has created an exception to this general rule when the petition seeking redress is a sham. <u>See</u> <u>id.</u> (citing <u>E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.</u>, 365 U.S. 127 (1961)). This exception includes proceedings before administrative agencies. <u>See</u> <u>California Motor Transp. Co. v. Trucking Unlimited</u>, 404 U.S. 508 (1972).

Proceedings must be objectively unreasonable to fall under the auspices of the sham exception. <u>See</u> <u>PRE</u>, 508 U.S. at 58. "[R]epetitive lawsuits carrying the hallmark of insubstantial claims" comprise a sham. <u>Otter Tail Power Co. v. United States</u>, 410 U.S. 366, 380 (1973). The <u>PRE</u> Court outlined a two-part definition of sham litigation, opining that "the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits," and "whether the baseless lawsuit conceals an attempt to interfere directly with the business relationships of a competitor through the use [of] the governmental process—as opposed to the outcome of that process—as an anticompetitive weapon." <u>PRE</u>, 508 U.S. at 60 (internal quotation marks omitted) (internal citations omitted).

The Second and Ninth Circuits have held this requirement applies when determining if one action constitutes a sham, but does not apply when the challenged proceedings constitute a pattern of repetitive litigation. <u>See</u> <u>USS-POSCO Indus. v. Contra Costa County Bldg. & Const. Trades Council, AFL-CIO</u>, 31 F.3d 800, 810-11 (9th Cir. 1994) ("<u>Professional Real Estate Investors</u> provides a strict two-step analysis to assess whether a single action constitutes sham petitioning."); <u>Primetime 24 Joint Venture v. Nat'l Broad., Co., Inc.</u>, 219 F.3d 92, 100-01 (2d Cir. 2000). However, various district courts outside of these circuits have held the objectively baseless

**Civil No. 11-2135 (GAG)**  4

requirement applies to cases asserting a pattern of proceedings. See e.g., Christian Mem'l Cultural Ctr., Inc. v. Michigan Funeral Dirs. Ass'n, 998 F. Supp. 772, 777 n.2 (E.D. Mich. 1998).

In California Motor, the Court recognized that filing a series of litigation has more serious implications than one singular suit. See USS-POSCO, 31 F.3d at 811. The question in pattern cases is not only whether the suits have merit, but also whether they were instituted as part of or pursuant to a pattern, without regard to the merits. See id. There is no language in the PRE decision indicating the Court intended to overrule California Motor. Without such an explicit holding that the Court intended to overrule California Motor, this court reads PRE and California Motor as complimenting one another.

The movant must therefore sufficiently allege a pattern or series of litigation intended to disrupt Plaintiff's ability to conduct business. Defendant claims Plaintiff fails to demonstrate sufficient proceedings to constitute a pattern. (See Docket No. 22 at 29.) Courts characterize as few as nine proceedings as a pattern, while three proceedings are insufficient. Compare Livingston Downs Racing Ass'n Inc. v. Jefferson Downs Corp., 192 F. Supp. 2d 519, 539 (M.D. La. 2001), with Luxpro Corp. v. Apple Inc., No. C 10–03058 JSW, 2011 WL 1086027, at *5 (N.D. Cal. Mar. 24, 2011). The proceedings listed in paragraphs 39, 41, 44-46, 50, 53-55, and 58 of Plaintiff's Complaint adequately demonstrate an alleged pattern of sham litigation according to the aforementioned precedent. See Docket No.11.

### 3. Defendant's Motion for Reconsideration

Defendant urges the court to consider supplemental factors aside from the sheer volume of the proceedings. Whether the proceedings, regardless of their volume, were brought "without regard to the merits and for the purpose of injuring a market rival" poses a wholly relevant question to consider. USS-POSCO, 31 F.3d at 811. Secondly, whether the movant succeeded in the proceedings in question also factors into analysis of pattern sham litigation. In re Terazosin Hydrochloride Antitrust Litig., 335 F. Supp. 2d 1336, 1366-67 (S.D. Fla. 2004). Thirdly, Defendant correctly asserts that the Court should not "count appeals as a separate proceeding" for pattern claim

**Civil No. 11-2135 (GAG)**                                   5

purposes. 2011 WL 1086027, at *5 n.1.  In reconsidering PRTC's pattern claim, the court adheres to the logic that appeals from one proceeding constitute action within the same litigation.

Cognizant of OneLink's purported successes in paragraphs 35, 36-38, 41, 44, and 58 of PRTC's Complaint, and excluding appeals in the assessment of the volume of proceedings, the court nonetheless reaffirms its original holding that PRTC sufficiently alleges a pattern of sham litigation. PRTC's claim against OneLink is not "sustained based on an extremely small number of proceedings;" rather, on the basis of allegations set forth in paragraphs 39, 41, 44-46, 50, 53-55, and 58 of Plaintiff's Complaint. (See Docket Nos. 34 at 7; 11 .)  Considering the volume of allegedly sham proceedings, the admonishments from various tribunals regarding OneLink's claims, and whether OneLink "brought [the proceedings] without regard to the merits and for the purpose of injuring a market rival," dismissal at this stage would be improper.  (See Docket No. 34 at 6.)

## II.     Request for Interlocutory Appeal Denied

The court denies Defendant's request for certification of an interlocutory appeal to the First Circuit.  The First Circuit does not generally grant interlocutory appeals from a denial of a motion to dismiss.  Caraballo-Seda v. Municipality of Homigueros, 395 F.3d 7, 9 (1st Cir. 2005).  As Plaintiff establishes, "Section 1292(b) is meant to be used sparingly. . ." Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 573 (1st Cir. 2004).

The First Circuit has yet to interpret the principles of pattern sham litigation espoused in Justice Stevens's concurrence and its progeny. PRE, 508 U.S. at 66.  Nonetheless, the Second and Ninth Circuits share a similar position on the matter and no ostensible disagreement between the circuit courts of appeals exists.  The Second and Ninth Circuits and numerous district courts have opined on the issue to sufficiently guide the court in its analysis of PRE and pattern sham litigation. Consequently, the court's order does not involve a "new legal question" appropriate for interlocutory certification, particularly at this stage in the proceedings.  Mohawk Indus. v. Carpenter, 588 U.S. 100, 130 S. Ct. 599, 607 (2009).

**Civil No. 11-2135 (GAG)**                              6

### III.    Conclusion

For the reasons set forth above, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Reconsideration (Docket No. 34) and **DENIES** Defendant's Motion to Dismiss. (Docket No. 25.)

**SO ORDERED.**

In San Juan, Puerto Rico this 13th day of September, 2012.


                                                *s/ Gustavo A. Gelpí*

                                                GUSTAVO A. GELPI
                                                United States District Judge