IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO TELEPHONE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAN JUAN CABLE LLC *d/b/a OneLink Communications*, <br><br> Defendant. | Civil No. 11-2135 (GAG) |

### ORDER ON MOTION TO COMPEL

In an amended complaint, Puerto Rico Telephone Company, Inc. ("PRTC") sued San Juan Cable LLC d/b/a OneLink Communications ("OneLink") for alleged violations of federal and Commonwealth antitrust law, based on its actions in administrative and judicial forums opposing PRTC's efforts to establish an Internet Protocol Television ("IPTV") system competing with OneLink's cable TV service. (Docket No. 11). Before the court is OneLink's motion to compel the production of certain documents. (Docket No. 67). PRTC opposed (Docket No. 74), OneLink replied (Docket No. 77), and PRTC surreplied (Docket No. 78). The matter was referred to me for disposition. (Docket No. 68).

The requests for production at issue ask for:

> 33.   All documents relating to any actual, perceived (whether by You or anyone else), considered or possible cross subsidization or cross subsidy as a result of PRTC's planned or expected offering of IPTV or land-based Video Services or Bundled Services.

> 34.   All documents relating to cross subsidization or cross subsidy.

(Docket No. 67 at 2). OneLink explains that by "cross-subsidization," it means "the improper inclusion or proposal to include in the costs of PRTC's regulated telecommunications business what in reality were, or are, costs of providing a video service." (Id.). PRTC objected that these requests were not "reasonably calculated to lead to the discovery of admissible evidence." (Id.). OneLink defends the relevance of these requests on two grounds. First, it reasons that if it can prove that PRTC was trying to cross-subsidize, it can conclusively establish the merit of its

administrative and judicial efforts, and defend its claim to First Amendment immunity. Alternatively, it contends that PRTC's calculation of lost profits places cross-subsidization at issue.

The court explained the *Noerr-Pennington* doctrine in detail in its original and reconsidered opinions denying OneLink's motion to dismiss. (See Docket Nos. 30 and 45). In short, the First Amendment immunizes those petitioning for government action from antitrust liability, except when the petitions are merely a sham for anticompetitive sandbagging. See Davric Me. Corp. v. Rancourt, 216 F.3d 143, 147-48 (1st Cir. 2000). This court noted two ways of proving the sham exception. (Docket No. 45 at 3-4). First, a plaintiff may prove the defendant's position was both "objectively baseless" and subjectively "intended only to burden a rival with the governmental decision-making process itself." Davric, 216 F.3d at 147. A proceeding is objectively baseless when "no reasonable litigant could realistically expect success on the merits." Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60 (1993). Alternatively, a plaintiff may attack a *pattern* of proceedings, even where some met success, by showing "they [were] brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival." See USS-POSCO Indus. v. Contra Costa County Bldg. & Const. Trades Council, AFL-CIO, 31 F.3d 800, 810-11 (9th Cir. 1994); accord Primetime 24 Joint Venture v. Nat'l Broadcasting Co., 219 F.3d 92, 101 (2d Cir. 2000).

OneLink contends that it should be allowed to discover after-the-fact "corroboration" of its past "concerns" about cross-subsidization, and thereby prove that its administrative and judicial actions were well-founded. PRTC counters that cross-subsidization is irrelevant because the issue "was not the dispositive basis for any of OneLink's claims." (Docket No. 74 at 6). In essence, PRTC suggests that it can concede, *arguendo*, that OneLink had an objective ground for suspecting cross-subsidization, but nonetheless show there was no reason for OneLink to believe it would prevail on the merits. Through this narrowed lens, the existence of cross-subsidization (or OneLink's "concerns" about it) indeed becomes irrelevant. However, OneLink points out

PRTC's response in written discovery that OneLink's actions were baseless because "PRTC . . . broke[] no laws." (Docket No. 67 at 3) (alterations as in original). That response, if PRTC adheres to it, makes cross-subsidization fair game for discovery.

Therefore, to oppose discovery on this ground, PRTC would have to clarify which position it will take. Unless PRTC commits to leaving the matter of cross-subsidization off the table (e.g., by expressly waiving any argument OneLink's action was baseless because no unlawful cross-subsidization occurred), it must produce relevant documents. But regardless, OneLink is also entitled to the discovery on its alternative ground.

PRTC claims lost profits from IPTV service among its damages. (See Docket No. 11, ¶ 63) (" . . . PRTC has been unable to make any sales or profits from IPTV. . . ."). OneLink wishes to discover whether PRTC has ever assumed that any costs attributable to IPTV service may be accounted as costs of telephone service. If PRTC's evidence of lost profits (revenue less cost, roughly) is based on that assumption, OneLink could conceivably refute the cost term with contrary analysis offsetting the allegedly unlawful cross-subsidy. (See Docket No. 67 at 3-4, 6; Docket No. 77 at 8). Without expressing any view on whether OneLink's analysis is ultimately meritorious—this is a discovery order, not a dispositive matter—I find PRTC's accounting of costs for IPTV, including its views on cross-subsidization, relevant to the measure of damages.

PRTC counters with a parade of horribles, starting with the apparently unsavory prospect of parsing "regulatory accounting requirements" and inexorably culminating in an extra-jurisdictional ratemaking, complete with a customer-reimbursement remedy, somehow bolted onto the damages phase of its antitrust case. (Docket No. 74 at 6-8). In its surreply, PRTC shifts gears and characterizes OneLink's theory as "a hypothetical scenario" necessarily requiring the court to assume "some subsequent hypothetical [Puerto Rico Telecommunications Regulatory] Board action." (Docket No. 78 at 5-7). But the bottom line is this: if PRTC is entitled to compensation, it will have to establish a dollar figure. OneLink is entitled to discover all non-privileged documents that would tend to make that number smaller. The term "cross-subsidy," though connoting unlawfulness under the ratemaking regime, here serves only to focus that

inquiry. And that PRTC's alleged business injuries implicate a field that might "enmesh the Court in issues of policy and regulation," (Docket No. 74 at 8), should not keep OneLink from fully defending against PRTC's claim of damages.

In its surreply, PRTC further asserts that its other responses will fully cover the question of damages. (Docket No. 78 at 5-6). I take this as a suggestion that OneLink's request is duplicative. But as PRTC evidently does not consider evidence of planned, projected, or actual cross-subsidization to be material to its claims for damages, it is unlikely that it will produce relevant documents absent a specific compulsory order.

Finally, PRTC argues that the inclusion of "at least one and likely two additional custodians" will impose a disproportionate burden, but only rests this contention on its assertion that the cross-subsidization question is irrelevant. (Docket No. 74 at 8). Given that the court finds cross-subsidization relevant, PRTC has failed to show how the burden is disproportionate.

For the foregoing reasons, the motion to compel is **GRANTED.** Within thirty (30) days, PRTC shall produce documents to OneLink responding to requests 33 and 34.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of April, 2013.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge