IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO TELEPHONE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAN JUAN CABLE LLC d/b/a OneLink Communications, <br><br> Defendant. | Civil Action No. 11-2135-GAG-BJM |

## DECLARATION OF BRIAN K. GRUBE

I, Brian K. Grube, do hereby declare:

1. I am an attorney of record for Defendant San Juan Cable LLC, d/b/a OneLink Communications, now known as Liberty Cablevision of Puerto Rico LLC ("OneLink"). The facts stated herein are based on my personal knowledge and my review of relevant documents.

2. At no point after June 17, 2013 and prior to the filing by Plaintiff Puerto Rico Telephone Company ("PRTC") of its renewed motion for sanctions (Dkt. 124) did counsel for PRTC make any effort to contact me or any other attorneys representing OneLink about the perceived deficiencies, addressed in its motion, with respect to the documents that OneLink produced in July and August 2013 from the personal files of three of OneLink's former managers.

3. Attached as Exhibit A is a true and correct copy of a litigation hold notice and preservation order, dated December 8, 2011, that OneLink's former counsel issued promptly after the service on OneLink of Plaintiff's complaint in this matter. This litigation hold notice was addressed to, among others, Ronald Dorchester, William Chain, and Sandra Perry.

4. OneLink began to collect and review documents within its possession, custody, and control after PRTC served its first set of requests for production on November 14, 2012. (Attached as Exhibit B is a true and correct copy of those requests.) That collection and review included documents associated with Dorchester, Chain, and Perry that were within OneLink's possession, custody, and control—such as any documents they saved on a OneLink computer or emails stored on a OneLink server. All of those individuals had access to OneLink's computers or email accounts on OneLink's servers; the files on those computers and servers were searched.

5. OneLink collected, from files within its own possession, custody, and control, well over 100,000 files associated with Dorchester, Chain, and Perry, and produced the non-privileged, responsive ones. The total number of documents from these custodians' files was substantially lower than that total because OneLink, pursuant to the parties' discovery agreement, applied the parties' agreed-upon search terms to these custodians' (and all of its other custodians') documents and did not produce documents from these custodians' files that duplicated documents already produced from the files of other custodians.

6. From its own files, OneLink produced nearly 6,000 emails to, from, or copying Dorchester; nearly 13,000 emails to, from, or copying Chain; and over 5,000 emails to, from, or copying Perry.

7. Counsel for OneLink and counsel for PRTC agreed, following discussions in May and June 2013, that OneLink would coordinate with counsel for Dorchester, Chain, and Perry, and produce any non-privileged, responsive documents maintained by those individuals within their personal possession. Dorchester's, Perry's, and Chain's personal emails have since been collected and reviewed in conjunction with their personal counsel.[1]

---

[1] Of Perry's two personal email accounts, one was abandoned by her long before this litigation. Her emails from the other account have been collected.

8. OneLink collected over 11,000 keyword-responsive documents from the personal files of Dorchester, Chain, and Perry. After reviewing these documents for responsiveness to PRTC's requests, withholding documents protected by privilege, and removing any emails that were duplicative of emails already produced from the files of other OneLink custodians, OneLink produced an additional 525 files to PRTC. The production from the former managers' personal files was completed in early August 2013.

9. Attached as Exhibit C is a chart summarizing the purportedly "spoliated" emails that PRTC identifies in its motion and exhibits:

    a. The chart lists the 61 unique email chains identified by PRTC as being absent from OneLink's production of Dorchester's personal files. Entries 50 and 51 are duplicative, which is why there are only 61 chains, not 62 as PRTC claims.

    b. The documents that PRTC claims were missing from OneLink's productions of Chain's and Perry's personal files are entirely duplicative of those 61 email chains.

    c. 36 of the 61 email chains are not responsive to PRTC's requests. These documents are marked with an "NR" in the "OL Status" column. These documents include all of the emails allegedly missing from the Chain production and all but one of the documents allegedly missing from the Perry production. Most of these documents are non-responsive in light of OneLink's objections to producing all documents discussing its legal bills and all documents relating to the sale of OneLink in November 2012. Attached hereto as Exhibit D is a true and correct copy of OneLink's

Objections and Responses to Plaintiff's First Set of Requests for Production. Two of the 36 email chains are not responsive because they concern, respectively, negotiation of an irrelevant contract with Columbus Networks, and a *draft* valuation of OneLink. (*See* Entries 4 and 7).

d. Eight of the documents identified in PRTC's motion were produced by OneLink. These documents are identified by their OneLink bates number in the "OneLink Status" column. (One of these emails was produced in a substantively identical version that did not include the forwarding of the chain by one person to another without comment.)

e. Nine of the documents identified in PRTC's motion were properly withheld as privileged. These documents are marked as "withheld" in the "OneLink Status" column.

f. From the remaining eight email chains identified in PRTC's motion, none of which includes either Chain or Perry, OneLink produced or withheld email chains that overlap in relevant part with three. (*See* OL Status Column for Entries 11, 32, and 47.)

g. OneLink erroneously designated two overlapping email chains as not responsive and has since produced them. (*See* OL Status Column for Entries 21 and 22.)

h. OneLink, after diligent and reasonable search, has been unable to locate three of the email chains identified by PRTC. These documents are highlighted in yellow in Exhibit C and marked as "Not Available" in the

"OL Status" column. (*See* Entries 15, 19, 37.) These three emails chains are attached as exhibits. *See infra* ¶¶ 10-12.

10. Attached hereto as Exhibit E are true and correct copies of the February 2012 email chains bates stamped MOCV00001506 and MOCV00032499.

11. Attached hereto as Exhibit F is a true and correct copy of the March 2012 email chain bates stamped MOCV00019008.

12. Attached hereto as Exhibit G are true and correct copies of the June 2012 email chains bates stamped MOCV00012852 and MOCV00043775.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on August 30, 2013, at Cleveland, Ohio

_____
Brian K. Grube