IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**PUERTO RICO TELEPHONE COMPANY, INC**, *et al.*,

    Plaintiffs,

    v.

**SAN JUAN CABLE LLC**,

    Defendants.

Civil No. 11-2135 (GAG/BJM)

## ORDER

Before the court is plaintiff Puerto Rico Telephone Company, Inc.'s ("PRTC") renewed motion for sanctions due to spoliation of evidence. Docket Nos. 124, 126 ("Mot."). Defendant San Juan Cable LLC, d/b/a OneLink Communications ("OneLink), opposed. Docket No. 140. Plaintiff replied (Docket Nos. 167, 169), and defendant filed a sur-reply (Docket No. 185). The motion was referred to me for disposition. Docket No. 128. For the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**.

PRTC contends that OneLink engaged in sanctionable spoliation of evidence by failing to preserve relevant emails from the personal email accounts of three former OneLink officers (CEO Ron Dorchester, General Manager Bill Chain, and Senior Vice President Sandra Perry). Based on this failure, PRTC seeks an adverse inference instruction at the summary judgment stage and at trial.

Parties have a general duty to preserve relevant evidence once it has notice of, or reasonably foresees, litigation. *Perez-Garcia v. P.R. Ports Auth.*, 871 F. Supp. 2d 66, 69 (D.P.R. 2012) (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)). A party's failure to preserve evidence relevant to pending litigation constitutes spoliation. *Velez v. Marriott PR Mgmt., Inc.*, 590 F. Supp. 2d 235, 258 (D.P.R. 2008). The party urging that spoliation has occurred has the burden of showing that evidence

was in fact destroyed or not preserved. *Gomez v. Stop & Shop Supermarket Co.*, 670 F.3d 395, 399 (1st Cir. 2012).

Upon a finding of spoliation, the court has considerable discretion in determining whether and which sanctions are warranted. *See Booker v. Mass. Dep't of Pub. Health*, 612 F.3d 34, 46 (1st Cir. 2010). To do so, the court takes into account any prejudice to the non-offending party, and whether bad faith motivated the spoliator's conduct. *Sacramona v. Bridgestone/Firestone, Inc.*, 106 F.3d 444, 447 (1st Cir. 1997). An adverse inference instruction is one possible sanction. But when seeking an adverse inference instruction, the proponent of the inference must provide sufficient evidence to "show that the party who destroyed the document 'knew of (a) the claim (that is, the litigation or the potential for litigation), and (b) the document's potential relevance to that claim.'" *Booker*, 612 F.3d at 46 (quoting *Testa v. Wal-Mart Stores, Inc.*, 144 F.3d 173, 177 (1st Cir.1998)). Such an instruction usually is appropriate "only where the evidence permits a finding of bad faith destruction," *United States v. Laurent*, 607 F.3d 895, 902 (1st Cir. 2010), but bad faith is not required where circumstances indicate an adverse inference instruction is otherwise warranted, *Nation-Wide Check Corp. v. Forest Hills Distrib., Inc.*, 692 F.2d 214, 219 (1st Cir. 1982). And above all, an adverse inference instruction must "make sense in the context of the evidence." *Laurent*, 607 F.3d at 903.

Here, plaintiff has proffered sufficient evidence to establish that OneLink failed to preserve relevant emails within its control. While the emails at issue come from the personal email accounts of OneLink's former officers, these officers had used their personal email accounts to manage the company for as long as seven years. Mot. 12. OneLink presumably knew its managing officers used their personal email accounts to engage in company business, and thus its duty to preserve extended to those personal email accounts. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 501 (E.D. Va. 2011) (finding spoliation in part based on deletion of relevant emails from employees' personal email accounts). In response, OneLink maintains that

out of the 61 unique email chains that PRTC has obtained from other sources, almost all of them are either non-responsive, privileged, or have been produced. Ultimately, however, OneLink admits to being unable to account for three responsive email chains from former CEO Ron Dorchester's personal email account. OneLink's failure to locate these emails in its files is a breach of its duty to preserve and constitutes spoliation.

However, I find plaintiff's request for sanctions problematic on multiple fronts. While OneLink and Dorchester presumably knew of PRTC's claims and the potential relevance of Dorchester's emails to those claims, the absence of bad faith on OneLink's part and PRTC's failure to demonstrate prejudice at this time counsels against imposing a sanction as harsh as an adverse inference instruction. Within a month of plaintiff filing the complaint, OneLink issued a litigation hold notice to its employees, including the former officers at issue in this dispute. The hold notice informed the officers of their duty to preserve all relevant evidence, including electronic data. Approximately a year later, PRTC served its first set of discovery requests on November 14, 2012, right around the time the three officers in question left OneLink. The parties engaged in discovery for most of 2013 and at the end of the day, it appears that only three email chains were in fact "lost" and could not be accounted for in OneLink's or the former officers' files. Docket Nos. 140-1, ¶ 9.h; 140-4. PRTC has proffered no evidence that OneLink or Dorchester intentionally deleted those three email chains in bad faith. And the fact that the three email chains have been recovered through other sources lessens any prejudice to PRTC.

Moreover, upon review of the three email chains, it cannot be said that their relevance is potentially damaging to OneLink. Like the situation in *Booker*, "this is not a case in which a document's potential relevance to the plaintiff's claim is apparent from the nature of the missing document itself." 612 F.3d 347. At this time, PRTC cannot articulate a clear theory of how it has suffered prejudice, because the extent of spoliation is unknown. Any prejudice suffered by PRTC is currently speculative; PRTC has not proffered evidence that tends to show the allegedly "lost" emails would actually support

PRTC's claims or weaken OneLink's defenses. Therefore, under the circumstances before me, there is insufficient foundation for an adverse inference instruction.

Upon further discovery, more information regarding the extent of spoliation may come to light. Forensic analysis of these three former employees' personal email accounts and computers may be appropriate to determine whether critical emails have been deleted. *Nacco Materials Handling Grp., Inc. v. Lilly Co.*, 278 F.R.D. 395, 406 (W.D. Tenn. 2011) ("The only way to determine if relevant evidence currently exists or previously existed and was lost destroyed is to conduct a forensic examination to see if such evidence exists."). At that time, plaintiff may renew its motion for sanctions if circumstances so warrant.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for sanctions is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of October, 2013.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge